The Honorable James C. Scott State Senator Route 1, Box 82-A Warren, AR 71671-9705
Dear Senator Scott:
This is in response to your request for an opinion on the following questions:
 1. May the electors of a city levy a city sales tax with the proceeds to be used wholly or in part to construct and equip a hospital facility?
 2. If the answer to the above question is "yes," can the city legally give or lease or otherwise turn over the hospital facility to a private sector organization to operate?
While a conclusive answer to your first question would require a review of the specific levy, it is my opinion that a city sales tax could, generally, offer a source of revenue for constructing and equipping a hospital facility. This assumes, of course, that it is a public hospital. See generally Op. Att'y Gen. 91-191
(concluding that a city may not pledge tax dollars to support a private hospital).
Arkansas Code Annotated § 14-265-104 (1987) authorizes municipalities to "use any available revenues" to accomplish the purposes set forth in § 14-265-103, which include constructing and equipping a hospital. Arkansas Code Annotated § 26-75-217(a) (1987) states that a city sales tax levied thereunder may be used by the city ". . . for any purpose for which the city's general funds may be used." These provisions, in my opinion, could provide authority for the use of sales tax proceeds to construct and equip a city hospital. There are, additionally, several other Code sections addressed specifically to sales tax levies under which the city could proceed for this purpose. See A.C.A. §14-164-338(a) (Adv. Code Serv. 1992-93) (authorizing a sales and use tax levy for no longer than twenty-four months "to finance capital improvements of a public nature . . .") and A.C.A. §26-73-113 (Adv. Code Serv. 1992-93) (a)(2)(C) (authorizing a sales and use tax to "[a]cquire or construct capital improvements of a public nature for no more than twenty-four (24) months. . . ."
In response to your second question, it is my opinion that the city cannot "give" the hospital facility to a private organization to operate because this would, it seems, in essence amount to a donation or gratuitous disposition of municipal property. It is generally stated, as a fundamental principle of municipal law, that a municipality has no power to donate lands or personal property to private uses. 63 C.J.S. MunicipalCorporations § 965 (1950). This principle is explored more fully in Attorney General Opinion 92-727, a copy of which is enclosed.
With regard to a lease, A.C.A. § 14-54-302 would, as a general matter, provide authority for leasing the facility. This Code section states under subsection (a):
 Municipal corporations are empowered and authorized to buy, sell, convey, lease, rent, or let any real estate or personal property owned or controlled by the municipal corporations. This power and authorization shall extend and apply to all such real estate and personal property, including that which is held by the municipal corporation for public or governmental uses and purposes.
Of course, any such lease arrangement should be supported by adequate consideration.
With regard to the city "otherwise turn[ing] over the hospital facility to a private sector organization to operate," I believe that the city could, as a general matter, arrange for the operation of the facility through, for example, a management contract with a private organization. A conclusive determination would, however, require review of the specific proposal. I suggest that the city attorney, or counsel to whom the city ordinarily looks for advice, be consulted in this regard. Indeed, it is recommended that any action involving a proposed hospital facility be submitted to the city attorney for his or her review and comments.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure